UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: EX PARTE APPLICATION OF MEDICAL CORPORATION SEISHINKAI | Case No. 25-mc-80170-EKL<br><br>**ORDER GRANTING IN PART AND DENYING IN PART EX PARTE APPLICATION PURSUANT TO 28 U.S.C. § 1782**<br><br>Re: Dkt. No. 1 |

On June 27, 2025, Medical Corporation Seishinkai ("Applicant") filed an *ex parte* application ("Application") pursuant to 28 U.S.C. § 1782 for an order authorizing limited discovery from Google LLC ("Google") in connection with an anticipated legal action in Japan. Ex Parte Appl., ECF. No. 1 ("Appl."). For the reasons set forth below, the Application is GRANTED in part and DENIED in part.

## I.   BACKGROUND

The following facts are taken from the Application and supporting declarations. Applicant is a Japanese medical corporation doing business as Shinminato Itose Dental, a clinic specializing in dental implants. *Id.* at 1. Many of Applicant's prospective patients "find and contact the Clinic by searching for the Clinic on the Google search engine." *Id.* at 1-2. "When prospective patients search for the Clinic on the Google search engine, the Clinic's Google Maps business profile and reviews and ratings of the Clinic are displayed as search results." *Id.* at 2.

Applicant claims that two Anonymous Individuals have posted false and defamatory reviews of the Clinic on Google Maps. *Id.* at 2. The Anonymous Individuals posted one-star reviews from different Google accounts, claiming that certain orthodontic treatment took much longer than Applicant had promised. *See* Itose Decl. ¶¶ 11-22, ECF No. 1-1. Applicant claims

that the reviews have damaged its reputation and have had a significant negative effect on its business. Appl. at 3. Applicant reports that it has experienced "a significant decrease in the number of new patients contacting the Clinic" after the allegedly false reviews were published. *Id*.

Applicant anticipates filing a civil action in Japan against the Anonymous Individuals for damaging its reputation in violation of Articles 709 and 710 of the Civil Code of Japan. *Id*.; *see also* Kanda Decl. ¶¶ 5-13, ECF No. 1-2. However, to file suit in Japan, Applicant must discover the Anonymous Individuals' true identities because "Japanese law does not allow for lawsuits to be filed against anonymous persons." Appl. at 3. Therefore, Applicant asks the Court to authorize limited discovery by serving Google with a subpoena seeking personal identifying information ("PII") concerning the two Google accounts used by the Anonymous Individuals. *Id*. at 2-4. The proposed subpoena demands that Google produce the following information:

> Request for Production No. 1. DOCUMENTS sufficient to show the following information ever registered with the ACCOUNTS and the Google Ads accounts, Google AdSense accounts, and Google Pay accounts that are registered to, linked to, or otherwise associated to the ACCOUNTS:
>
> (i)   ALL names;
> (ii)  ALL dates of birth;
> (iii) ALL addresses;
> (iv)  ALL e-mail addresses;
> (v)   ALL telephone numbers; and
> (vi)  ALL bank names and the account numbers of bank accounts.
>
> Request for Production No. 2. DOCUMENTS sufficient to show ten access logs (dates, times, IP addresses, port numbers, and destination IP addresses) of the ACCOUNTS that were recorded immediately prior to the date that you respond to this request.

Appl. Ex. A, ECF No. 1.

## II.   LEGAL STANDARD

Section 1782 states, in relevant part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made . . . upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

28 U.S.C. § 1782(a). The purpose of § 1782 is "to provide federal-court assistance in gathering evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). Section 1782 permits district courts to authorize discovery "where three general requirements are satisfied: (1) the person from whom the discovery is sought 'resides or is found in the district of the district court where the application is made; (2) the discovery is 'for use in a proceeding in a foreign or international tribunal'; and (3) the application is made by a foreign or international tribunal or 'any interested person.'" *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019) (quoting 28 U.S.C. § 1782(a)).

A district court has discretion to authorize discovery under § 1782, but "is not required to grant a § 1782(a) discovery application simply because it has the authority to do so." *Intel*, 542 U.S. at 264. In *Intel*, the Supreme Court set forth four factors courts must consider in determining whether and how to exercise their discretion: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is "unduly intrusive or burdensome." *Id.* at 264-65. The district court's exercise of discretion is informed by § 1782's "twin aims of 'providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to our courts.'" *Id.* at 252 (quoting *Advanced Micro Devices, Inc. v. Intel Corp.*, 292 F.3d 664, 669 (9th Cir. 2002)).

Courts commonly consider § 1782 applications on an *ex parte* basis because "parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it." *IPCom GmbH & Co. KG v. Apple Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014) (quoting *In re Republic of Ecuador*, No. 10-mc-80225 CRB (EMC), 2010 WL 3702427, at *2 (N.D. Cal. Sept. 15, 2010)).

### III. DISCUSSION

Applicant has met all three threshold statutory requirements. First, Google's principal office is in Mountain View, California. Appl. at 2, 5. Thus, Google is "found" in the Northern District of California for purposes of § 1782. *Super Vitaminas, S.A.*, No. 17-mc-80125-SVK, 2017 WL 5571037, at *2 (N.D. Cal. Nov. 20, 2017) (noting that a business is "found" in the district where it is headquartered). Second, the discovery is intended for use in a proceeding in a foreign tribunal. Appl. at 6. The proceeding need not be pending; rather, it may be "within reasonable contemplation." *Intel Corp.*, 542 U.S. at 259. Third, as the putative plaintiff in a foreign legal proceeding, Applicant is an "interested person." *Id.* at 256-57.

The Court finds that the first three discretionary considerations set forth in *Intel* favor granting the Application. First, Google is not a participant in the foreign proceeding, so the discovery Applicant seeks will be outside the foreign tribunal's jurisdiction. Appl. at 6. Second, Applicant represents that "[t]here are no known restrictions imposed by, or any policies under, the law of Japan limiting U.S. federal court judicial assistance, and courts in Japan are receptive to assistance in discovery by United States federal courts, including for discovery of PII of individuals posting anonymous online reviews." *Id.* at 7. Third, Applicant represents that it "is not attempting to circumvent any foreign proof-gathering restrictions or other policies of Japan or the United States," *id.* at 8, and neither the Application nor the supporting materials suggest any evidence to the contrary.

The fourth factor favors denying the Application in part. The Court finds that Applicant's request for "bank names and the account numbers of bank accounts" is unduly intrusive. Similarly, the inclusion of the catch-all language "or otherwise associated to" suffers from overbreadth and possibly infringes on the privacy interests of unrelated third parties. "Requests are unduly intrusive and burdensome where they are not narrowly tailored, request confidential information and appear to be a broad 'fishing expedition' for irrelevant information." *In re Ex Parte Appl. of Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1043 (N.D. Cal. 2016).

Applicant does not explain the need for banking information associated with the subject accounts, address how it would use the information, or show how such information is relevant or

4

helpful in terms of ascertaining the Anonymous Individuals' identities. Applicant has not demonstrated that this request is narrowly tailored to the subject matter of its future action. The Court therefore denies the Application without prejudice to the extent it seeks banking information associated with the subject Google accounts. If the PII produced by Google in response to the subpoena turns out to be fictitious, Applicant may renew the request for banking information.

## IV. CONCLUSION AND ORDER

For the foregoing reasons, the Application is GRANTED IN PART and DENIED IN PART. Applicant may serve an amended subpoena on Google, removing the request for "ALL bank names and the account numbers of bank accounts," and the language "or otherwise associated to." Applicant shall also comply with the following requirements:

1. Applicant shall serve a copy of this Order on Google with the proposed subpoena, as amended;
2. No later than 10 days after service of the subpoena on Google, Google shall notify all account users whose personal identifying information is affected by the subpoena that their identifying information is being sought by Applicant, and provide a copy of this Order to each account user;
3. Google shall use all means of communications associated with the subject accounts to contact and notify the affected individuals of the subpoena; and
4. This Order is without prejudice to any argument that may be raised in a motion to quash or modify the subpoena from Google or any account users.

**IT IS SO ORDERED.**

Dated: July 7, 2025

Eumi K. Lee
United States District Judge